EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Spring Street Courthouse
312 North Spring Street, Los Angeles, CA, 90012

PLAINTIFF(S)/PETITIONER(S):

Tatiana Coleman

DEFENDANT(S)/RESPONDENT(S):

Chevron Corporation

**FILED**
Superior Court of California
County of Los Angeles

10/21/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____E. Martinez_____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

25STCV29213

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 10/21/2025**
**Initial Status Conference Order of 10/21/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"James Michael Treglio" <jimt@potterhandy.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 10/21/2025

David W. Slayton, Executive Officer / Clerk of Court

By: __E. Martinez_____

Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

**FILED**
Superior Court of California
County of Los Angeles

**10/21/2025**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ E. Martinez _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| TATIANA COLEMAN | Case No.  25STCV29213 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | |
| CHEVRON CORPORATION A DELAW... | Case Assigned for All Purposes to Judge Timothy Patrick Dillon |
| Defendants. | Department:  15<br>Date:          January 23, 2025<br>Time:          10:00 a.m. |

This case has been assigned for all purposes to Judge Timothy Patrick Dillon in the Complex Litigation Program and has been designated as complex pursuant to CRC 3.400(a). It thus requires exceptional judicial management. Accordingly, all provisions of this Initial Status Conference are deemed necessary to carry out the purposes of Rule 3.400(a), and to promote effective decision-making by the Court. They are based upon individual consideration of this complex action.

The parties MUST sign up with an e- service provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept15@lacourt.org, which provider was selected.

An Initial Status Conference is set for **January 23, 2025, at 10:00 a.m., in Department**

INITIAL STATUS CONFERENCE ORDER

**15** located in the **Spring Street Courthouse,** at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days **(January 16, 2025)** before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1.  PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2.  POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3.  IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

-2-

INITIAL STATUS CONFERENCE ORDER

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,
- Early motions about particular jury instructions,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can

-3-

the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 15) prefers that the parties select:

---

[1] See California Rule of Court, Rule 3.768.

INITIAL STATUS CONFERENCE ORDER

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may choose instead

■ File & Serve Xpress (https://secure.fileandservexpress.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Pursuant to Los Angeles Superior Court, rule 3.4(a), represented litigants are required to electronically file documents with the Court through an approved Electronic Filing Service Provider.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

**"**A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. **THIS STAY SHALL PRECLUDE THE FILING OF ANY AMENDED COMPLAINT, ANSWER, DEMURRER, MOTION TO STRIKE, OR MOTIONS CHALLENGING THE JURISDICTION OF THE COURT.**

However, any defendant may file a Notice of Appearance for purposes of identification of

_____

[2] California Rule of Court, Rule 3.770(a)

-5-

counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however, shall stay all outstanding discovery requests.

       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

       Dated: 10/21/2025



_____
Judge Timothy Patrick Dillon

Timothy Patrick Dillon / Judge

-6-

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 15

**25STCV29213**                                                            October 21, 2025
**TATIANA COLEMAN vs CHEVRON CORPORATION A**                                         4:00 PM
**DELAWARE CORPORATION WITH ITS PRINCIPAL**
**PLACE OF BUSINESS IN THE STATE OF CALIFORNIA;**


Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: E. Martinez                  ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re: Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
01/23/2026 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 15

**25STCV29213**                                              October 21, 2025
**TATIANA COLEMAN vs CHEVRON CORPORATION A**              4:00 PM
**DELAWARE CORPORATION WITH ITS PRINCIPAL**
**PLACE OF BUSINESS IN THE STATE OF CALIFORNIA;**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: E. Martinez                  ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 15

**25STCV29213**                                                                    October 21, 2025
**TATIANA COLEMAN vs CHEVRON CORPORATION A**                                          4:00 PM
**DELAWARE CORPORATION WITH ITS PRINCIPAL**
**PLACE OF BUSINESS IN THE STATE OF CALIFORNIA;**

Judge: Honorable Timothy Patrick Dillon            CSR: None
Judicial Assistant: E. Martinez                    ERM: None
Courtroom Assistant: None                          Deputy Sheriff: None

on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the
Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within five (5) days
of service.

The Judicial Assistant hereby gives notice to Plaintiff, who is to give further and formal notice.

Certificate of Service is attached.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Mark D. Potter (SBN 166317)<br>100 Pine St., Ste 1250,<br>San Francisco, CA 94111<br>  TELEPHONE NO: (858) 375-7385   FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  TATIANA COLEMAN | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/16/2025 11:15 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Cordon, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
  STREET ADDRESS:  111 North Hill St.
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Los Angeles, 90012
  BRANCH NAME:  Los Angeles County Superior Court

| PLAINTIFF / PETITIONER:   TATIANA COLEMAN<br>DEFENDANT / RESPONDENT:   Chevron Corporation | CASE NUMBER:<br>25STCV29213 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14346634 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☒  summons
    b.  ☒  complaint
    c.  ☐  Alternative Dispute Resolution (ADR) package
    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☒  other *(specify documents)*:   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION;ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE;NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE;
3.  a.  Party served *(specify name of party as shown on documents served)*:
       CHEVRON CORPORATION a Delaware Corporation with its principal place of business in the State of California;
    b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       1505 Corporation CSC - LAWYERS INCORPORATING SERVICE acting through Koy Saechao -Intake Specialist
4.  Address where the party was served:
    2710 Gateway Oaks Drive Sacramento, CA 95833
5.  I served the party *(check proper box)*
    a.  ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   10/10/2025     (2) at *(time)*:   01.30 pm
    b.  ☐  **by substituted service.** On *(date)*:                    at *(time)*:                  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
          from *(city)*:                         or ☐ a declaration of mailing is attached.
       (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Coleman | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Chevron Corporation | 25STCV29213 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date)*:                                      (2)  from *(city)*:

   (3)  ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  **by other means** *(specify means of service and authorizing code section)*:

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify)*:

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify)*:    CHEVRON CORPORATION a Delaware Corporation with its principal place of business in the State of California; under the following Code of Civil Procedure section:

   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   |---|---|
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | ☐ other: | |

7.  **Person who served papers**

   a.  Name:                    Johnny Adams

   b.  Address:                 Trinity Attorney Service 1017 L Street, #654 Sacramento, CA 95814 CA

   c.  Telephone number:

   d.  **The fee** for service was:    $22

   e.  I am:

   (1)  ☐  not a registered California process server.

   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

   (3)  ☒  a registered California process server:

   (i)  ☐ owner  ☐ employee  ☒ independent contractor

   (ii)  Registration No:  #1445

   (iii)  County:  Sacramento

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   10/14/2025

Johnny Adams

_____          _____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)                    (SIGNATURE)



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* [www.lacourt.org/ADR/programs.html](www.lacourt.org/ADR/programs.html).
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* [www.lacourt.org/ADR](www.lacourt.org/ADR) *or email* [ADRCivil@lacourt.org](ADRCivil@lacourt.org).

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* [ADRCivil@lacourt.org](ADRCivil@lacourt.org).

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* [https://resolvelawla.com](https://resolvelawla.com).

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>Potter Handy, LLP, 100 Pine St., Ste 1250, San Francisco, CA 94111<br><br>TELEPHONE NO.: 415-534-1911　　FAX NO.: 888-422-5191<br>EMAIL ADDRESS: jimt@potterhandy.com<br>ATTORNEY FOR *(Name):* Tatiana Coleman, Donielle Farr | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/03/2025 9:26 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Coleman et al. v. Chevron Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25STCV29213<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [x] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is　[ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary　b. [x] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4. Number of causes of action *(specify):* 7 - negligence, strict liability, private nuisance, public nuisance, trespass
5. This case [x] is　[ ] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 10/3/2025

James M. Treglio
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
        Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
        Physicians & Surgeons
        Other Professional Health Care
        Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
        and fall)
        Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
        Intentional Infliction of
        Emotional Distress
        Negligent Infliction of
        Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
        Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
        Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
        Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic
        relations)*
        Sister State Judgment
        Administrative Agency Award
        *(not unpaid taxes)*
        Petition/Certification of Entry of
        Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
        harassment)*
        Mechanics Lien
        Other Commercial Complaint
        Case *(non-tort/non-complex)*
        Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    | Print this form |    | Save this form |    | Clear this form |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Coleman v. Chevron Corporation | 25STCV29213 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Coleman v. Chevron Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Coleman v. Chevron Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23       CIVIL CASE COVER SHEET ADDENDUM       LASC Local Rule 2.3

For Mandatory Use       AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Coleman v. Chevron Corporation | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☑ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Coleman v. Chevron Corporation | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: N/A: Class Action |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _10/03/2025_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Isabel Rose Masanque (SBN 292676)
isabelm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(415) 534-1911
Fax: (888) 422-5191

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/03/2025 9:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TATIANA COLEMAN, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION a Delaware Corporation with its principal place of business in the State of California; and DOES 1-100, inclusive<br><br>Defendants. | CASE NO. 25STCV29213<br><br>**CLASS COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) NEGLIGENCE**<br>**(2) STRICT LIABILITY—ULTRAHAZARDOUS ACTIVITY**<br>**(3) PRIVATE NUISANCE (CONTINUING)**<br>**(4) PRIVATE NUISANCE (PERMANENT)**<br>**(5) PUBLIC NUISANCE (CONTINUING)**<br>**(6) PRIVATE NUISANCE (PERMANENT)**<br>**(7) TRESPASS**<br><br>**DEMAND FOR JURY TRIAL** |

Class Representative Plaintiff Tatiana Coleman ("Plaintiff"), by and through their attorneys, individually and on behalf of others similarly situated, allege upon information and belief against Defendant Chevron Corporation ("Chevron") and Does 1 to 100 (collectively, "Defendants") as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This case represents an example of a corporate choice to place profits over public safety. It arises from the explosion that occurred on October 2, 2025 at Chevron's oil refinery in El Segundo, California ("Refinery") which resulted in a massive fire that spread smoke and fumes throughout the South Bay area, including Plaintiff's home.

2.     While the exact cause of the explosion is under investigation, at least one injured worker has called it a "preventable disaster."[1]

3.     Notably, this marks the fourth incident at Chevron's Refinery in the last ten years, with successive fires occurring in 2017, and 2018, followed by a recent incident in 2022.

4.     Defendants exercised exclusive control over the Refinery, including oversight of its operating standards, health and safety protocols, and maintenance procedures.

5.     Therefore, Defendants culpability in this most recent Refinery fire could not be clearer given its long history of failing to exercise the necessary diligence to prevent these disasters from occurring.

<u>**PARTIES**</u>

6.     Plaintiff Tatiana Coleman resides in Hawthorne, California and has an intent to remain there, and is therefore a citizen of California. Plaintiff has suffered physical and economic harm as a result of Defendant's actions and inactions.

7.     Plaintiff Donielle Farr resides in Gardena, California and has an intent to remain there, and is there a citizen of California. Plaintiff has suffered physical and economic harm as a result of Defendant's actions and inactions.

---

[1] Harter, Clara. 'I thought we got nuked or something.' Massive explosion, fire at Chevron refinery rocks El Segundo, https://www.latimes.com/california/story/2025-10-02/la-me-fire-refinery. (last accessed October 3, 2025).

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

8.      Defendant Chevron Corporation is a Delaware Corporation, whose most recent filing with the California Secretary of State states that its headquarters is located at 5001 Executive Parkway, Suite 200 San Ramon, Ca 94583. In accordance with the decision by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 93, the principal place of business of a corporation is where its headquarters is present. As such, Plaintiff is informed and believes that Chevron is, for purposes of diversity jurisdiction, a resident of the State of California.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## **VENUE AND JURISDICTION**

11.     This Court has jurisdiction over this action under California Code of Civil Procedure § 410.10. The aggregated amount of damages incurred by Plaintiffs and the Class exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to the Plaintiff individually and each individual class member does not exceed $75,000, including interest and any pro rata award of attorneys' fees, costs, and damages. Venue is proper in this Court under California Code of Civil Procedure §§ 395(a) and 395.5 because Defendants does business in the State of California and in the County of Los Angeles, and because the harm alleged herein occurred in Los Angeles County.

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

**FACTUAL BACKGROUND**

12.     At all times relevant herein, Defendant Chevron owned, operated, controlled, managed, and/or maintained the oil refinery located at 324 W El Segundo Blvd, El Segundo, CA 90245 ("Refinery").

13.     At approximately 9:30 p.m. on October 2, 2025, a fire broke out at the Chevron Refinery in El Segundo located approximately one mile from the Los Angeles International Airport.

14.     Local residents were rattled by the loud explosion, which was followed by a large fireball and the Refinery's safety flare, sending flames visible for miles and turning the sky orange. The fire erupted in the Refinery's jet fuel production unit, specifically, the Refinery's Isomax 7 unit, which converts mid-distillate fuel oil into jet fuel.

15.     According to news reports, the Refinery is "the second largest in California and Chevron's second-biggest refinery in the United States. The facility supplies a fifth of all motor vehicle fuels and 40% of the jet fuel consumed in southern California."[2]

16.     Four other incidents have occurred at this facility in the last ten years. In 2016, a fire burned several storage containers at the Refinery. On October 17, 2017, a fire broke out in the facility's distribution manifold, which set off massive flames near storage tanks and power lines. Less than a year later, on September 17, 2018, a burn-off at the facility was triggered by a power failure at the Refinery. And yet another massive fire occurred in a section of the Refinery on November 8, 2022. Yet, many residents, including Plaintiff, describes the explosion and fire that occurred on October 2, 2025, as significantly larger than the previous four explosions and fires.

17.     Plaintiff Tatiana Coleman lives in Hawthorne, California, approximately three miles away from the Refinery, just off El Segundo Boulevard where the Refinery is located.

18.     She suffers from severe asthma, which flared up immediately after the explosion filled the air with heavy smoke and fume, requiring her to administer two breathing treatments— one that same night and another the following morning.

---

[2] Seba, Erwin. "Chevron's Los Angeles refinery down after large fire erupted in jet fuel unit." https://www.reuters.com/world/us/fire-breaks-out-chevrons-refinery-el-segundo-la-times-says-2025-10-03/ (last accessed October 3, 2025).

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

19.     Ms. Coleman also requires physical therapy, and her therapist's office is located on El Segundo Boulevard. Due to the intense smoke and odor caused by the explosion and fire at the Refinery, Plaintiff Coleman's physical therapist had to shut down for the day, and could not see any patients, putting Ms. Coleman at further distress.

20.     Ms. Coleman is also a long-term resident of the City of Hawthorne, having lived in and around Hawthorne for the past 10 years, and witnessed the prior explosions at the Refinery. If there are any long-term effects to the air and water of Hawthorne caused by this fire at the Refinery, Ms. Coleman will suffer from prolonged exposure.

21.     The fire has been contained as of the filing of this Complaint. However, Plaintiff continues to suffer debilitating symptoms of the asthma attacks triggered by the fire and will continue to suffer physical and economic harm as a result of Defendant's actions and inactions resulting in the October 2, 2025 explosion.

## CLASS ACTION ALLEGATIONS

22.     Class Representative Plaintiff brings this action on their own behalf and on behalf of all other persons similarly situated.  The putative class that Class Representative Plaintiff seeks to represent is composed of:

> All Los Angeles County residents who reside within a five-mile radius of the Refinery who suffered physical or economic harm caused by the smoke and fumes from the Refinery fire on October 2, 2025 (hereinafter the "Class").

23.     Excluded from the Class are the natural persons who are directors, and officers, of the Defendant, as well as judicial officers, their families, and their staff who are assigned to this action.

24.     Plaintiff is informed and believe that the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the Class members is unknown to Class Representative Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant.

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

25.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Class Representative Plaintiff's claims are typical of the members of the class, and Class Representative Plaintiff can fairly and adequately represent the interests of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.

27.     Class Representative Plaintiff will fairly and adequately protect the interests of the Class.  Moreover, Class Representative Plaintiff has no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period.  In addition, Class Representative Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

28.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Class Representative Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     Proper and sufficient notice of this action may be provided to the Class members through direct mail a variety of means, including direct mail, as well as electronic means such as email, or whatever the Court deems appropriate.

30.     Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Class Representative Plaintiff and the members of the Class will continue to be damaged by the practices of Defendant.

**CAUSES ACTION**

5

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

**FIRST CAUSE OF ACTION**

**Negligence**

31.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

32.     Plaintiff is informed and believe, and thereon allege, that at the time of the explosion, Defendant owned, operated, controlled, managed, and/or maintained the Refinery, as described above.

33.     At all relevant times, Defendant was required to exercise the utmost care and diligence in the ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Refinery, so as to not cause harm to public property, the environment, public resources, public health, and/or the comfortable use and enjoyment of life and liberty by the public.

34.     At all relevant times, Defendant failed to exercise care in its ownership, operation, management, supervision, inspection, maintenance, repair, and/or control of the Refinery, including, but not limited to, failing to properly inspect and replace equipment and failing to comply with applicable safety standards.

35.     As a further direct and legal result of the aforesaid premises, Plaintiff has suffered damages, including but not limited to costs for emergency response, clean-up of debris, medical bills, and loss of use and enjoyment of property in an amount, according to proof at trial, beyond the jurisdictional minimum of this Court.

36.     As a further direct and legal result of the aforesaid allegations, Plaintiff's personal properties have suffered a loss of fair market property values as a result of the October 2, 2025 explosion and the continued release of toxins and noise into the atmosphere throughout the operation of the Refinery.

37.     As a further direct and legal result of the aforesaid allegations, Plaintiff has suffered damage to environmental resources.

38.     As a further direct and legal result of the aforesaid allegations, Plaintiff has suffered harm to the public health, obstruction of the free passage and use of property of public property, and/or the interference with the comfortable enjoyment of life or property.

39.     Plaintiff did not consent to Defendant's conduct, which required and continues to require the public to shelter-in-place for extended periods to avoid immediate harm and has created long-lasting, continuing, and/or permanent harm to public health, the environment, and property valuations.

40.     The wrongful acts of Defendant were done maliciously, oppressively, fraudulently, and in conscious disregard of the safety and health of the community.  Plaintiff is entitled to punitive and exemplary damages in an amount to be ascertained according the proof, which is appropriate to punish or set an example of Defendant and deter such behavior.

41.     As a direct and legal cause of the wrongful acts herein set forth, Plaintiff suffered damages as described above in the preceding paragraphs.

## SECOND CAUSE OF ACTION

### Strict Liability – Ultrahazardous Activity

42.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

43.     At all times relevant herein, Defendant's activities in operating, controlling, managing, and/or maintaining the Refinery constitutes an ultrahazardous and abnormally dangerous activity, as maintenance of a Refinery in a densely populated area poses serious risk of harm, regardless of the amount of care exercised.

44.     As alleged herein, Plaintiff was seriously harmed which was a direct result of Defendants' ultrahazardous activities in operating and maintaining the Refinery.

45.     Plaintiff's harm, as outlined herein, was the kind of harm that would be anticipated as a result of the risk created by Defendant's abnormally dangerous activities, i.e., maintenance of an oil refinery in a densely populated area.

46.     Defendant's ultrahazardous activities resulted in an explosion that emitted debris, ash, toxins, smoke, and other dangerous chemicals into the air, and was therefore a substantial factor causing Plaintiff's harm.

47.     As a direct and legal cause of the wrongful acts herein set forth, Plaintiff suffered damages as described above in the preceding paragraphs.

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND CAUSE OF ACTION

### Private Nuisance—Continuing

48.    Plaintiff incorporates and re-alleges, as though fully set forth above, each of the preceding paragraphs.

49.    Plaintiff owned, leased, occupied, and/or controlled property at or near the Refinery. Plaintiff has the inalienable right to own, enjoy, and use its property without interference by Defendant's conduct.

50.    Plaintiff continues to own, lease, occupy, and/or controlled property at or near the Refinery. Plaintiff has the inalienable right to own, enjoy, and use their properties without interference by Defendant's conduct.

51.    Defendants by reason of their failure to exercise care in their operation and maintenance of the refinery, created a condition that harmed Plaintiffs and interfered with Plaintiff's free use and enjoyment of their land, as Plaintiff, along with numerous other neighbors, have suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property and/or a significant decrease in the value of the properties, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

52.    An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendants.

53.    Plaintiff did not consent to the Defendant's conduct. To the extent Plaintiff gave any express or implied permission for the maintenance of an oil refinery near their properties, such permission extended only to a properly maintained, up-to-date, and safe refinery, and Defendants exceeded the scope of any such consent by operating a poorly maintained, dangerous, aging, and ultimately faulty refinery near the Plaintiff.

54.    The aforementioned conduct of Defendant constitutes a nuisance within the meaning of section 3479 of the Civil Code in that it is injurious and/or offensive to the sense of the Plaintiff and/or the unreasonably interferes with the conformable enjoyment of its property and/or unlawfully obstructs the free use, in the customary manner, of Plaintiff' properties.

8

55.     The seriousness of the injuries to Plaintiff outweighs the social utility of Defendant's conduct, as Defendants could have taken steps to prevent the harm while still refining oil.

56.     As a direct and legal cause of the wrongful acts herein set forth, Plaintiff suffered damages as described above in the preceding paragraphs.

**FOURTH CAUSE OF ACTION**

**Private Nuisance Permanent**

57.     Plaintiff incorporates and re-allege, as though fully set forth above, each of the preceding paragraphs.

58.     Plaintiff owned, leased, occupied, and or controlled the properties.

59.     Defendants by reason of their failure to exercise care in its operation and maintenance of the refinery, creates a condition that permanently harmed Plaintiffs and interfered with Plaintiff's free use and enjoyment of their land, as Plaintiffs, along with numerous other neighbors, have suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

60.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendants.

61.     Plaintiffs did not consent to the Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

62.     The seriousness of the harm to Plaintiff outweighs the public benefit of Defendant's conduct.

63.     As a direct and legal cause of the wrongful acts herein set forth, Plaintiffs suffered damages as described above in the preceding paragraphs.

**FIFTH CAUSE OF ACTION**

**Public Nuisance—Continuing**

64.     Plaintiff incorporates and re-allege, as though fully set forth above, each of the preceding paragraphs.

9

65.     Defendants by reason of their failure to exercise care in operation and maintenance of the Refinery, created a condition that harmed the public and interfered with the public's free use and enjoyment of public land, as Plaintiffs, along with numerous residents and surrounding neighbors, have suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

66.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendants.

67.     The conditions affected a substantial number of people at the same time.

68.     The seriousness of the harm outweighs the social utility of Defendant's conduct.

69.     Plaintiffs did not consent to Defendant's conduct.

70.     As direct and legal cause of the wrongful acts herein set forth, Plaintiffs suffered damages as described above in the preceding paragraphs.

## SIXTH CAUSE OF ACTION

### Public Nuisance—Permanent

71.     Plaintiff incorporates and re-allege, as though fully set forth above, each of the preceding paragraphs.

72.     Defendants by reason of their failure to exercise care in operation and maintenance of the Refinery, created a condition that harmed the public and interfered with the public's free use and enjoyment of public land, as Plaintiffs, along with numerous residents and surrounding neighbors, have suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

73.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendants.

74.     The conditions affected a substantial number of people at the same time.

10

75.     The seriousness of the harm outweighs the social utility of Defendant's conduct.

76.     Plaintiffs did not consent to Defendant's conduct.

77.     As direct and legal cause of the wrongful acts herein set forth, Plaintiff suffered damages as described above in the preceding paragraphs.

## SEVENT CAUSE OF ACTION

### Trespass

78.     Plaintiff incorporates and re-allege, as though fully set forth above, each of the preceding paragraphs.

79.     Defendants were engaged in an extrahazardous activity and/or intentionally, recklessly, and/or negligently caused an array of toxic substances, a lingering malicious odor, noise, soot, ash, and/or dust to enter Plaintiff's properties.

80.     Plaintiffs did not give permission for this direct and/or indirect entry.

81.     Plaintiffs, along with numerous residents and surrounding neighbors, have been harmed by DEFENDANTS' conduct, as Plaintiff has suffered the loss of the use and enjoyment of their properties, in the form of damage to buildings and personal property and/or a significant decrease in the value of the property, and/or exposure to an array of toxic substances on the land, and/or a lingering malicious odor, noise, soot, ash, and dust in the air.

82.     An ordinary person of reasonable sensibilities would reasonably be annoyed and/or disturbed by the conditions created by Defendant.

83.     As direct and legal cause of the wrongful acts herein set forth, Plaintiff suffered damages as described above in the preceding paragraphs.

## DAMAGES AND OTHER RELIEF

84.     In addition to the relief requested herein and in the Prayer for Relief below, Plaintiff alleges that as a direct and proximate result of the unlawful actions of Defendant, Plaintiff and Class Members have suffered, and continue to suffer, from injuries to themselves and/or to personal property in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

85.     Plaintiff and the Class Members seek injunctive relief and equitable relief regarding DEFENDANTS' past and ongoing unlawful conduct as more particularly alleged herein which includes the activities and/or inaction which give rise to the causes of action for nuisance and trespass. The injunctive and equitable relief includes abatement of Defendant's unlawful activities and such actions and inactions which give rise to the claims alleged herein and the risk posed to the Plaintiff and the Class Members, as well as the public.

86.     Plaintiff and the Class Members also seek injunctive or other equitable relief to include abatement and/or monitoring necessary and appropriate as a result of Defendant's actions and inactions as more particularly alleged herein.

87.     As a direct and proximate result of the unlawful actions of Defendant, and specifically due to Plaintiff and Class Members' significant and extensive exposure to one or more toxic substances, it is reasonably certain that Plaintiff's and Class Members suffer a significantly increased risk of contracting a serious injury or latent disease relative to their risk had Plaintiff's and Class Members not been exposed to these toxic substances. The diseases that may result from the exposure, such as cancer, are serious and there is a medical benefit from early detection and diagnosis.

88.     This increased risk makes periodic diagnostic medical examinations reasonably necessary and certain. Monitoring and testing procedures exist which make the early detection and treatment of injuries or disease possible and beneficial. Such monitoring and testing procedures are reasonable, entitling Plaintiff and Class Members to damages and injunctive relief, including the reasonable costs for future medical monitoring in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

89.     The increased susceptibility to injuries and irreparable threat to the Plaintiff and Class Members' health resulting from their exposure to one or more hazardous substances can only be mitigated or addressed by the creation of a medical monitoring fund to provide for a medical monitoring program, including: (a) Notifying all persons who have been exposed of the potential harm from the exposure; (b) Gathering and forwarding to treating physicians and other appropriate medical and health professionals information related to the identification, diagnosis and treatment

12

1   of injuries which may result from exposure(s); and (c) Aiding in the early diagnosis and treatment

2   of resulting injuries through ongoing testing and monitoring of exposed persons including Plaintiff

3   and Class Members.

4       90.    Plaintiff and Class Members have no adequate remedy at law in that monetary

5   damages alone do not compensate for the continuing nature of the harm to them, and a monitoring

6   program which notifies them of possible injury and aids in their treatment can prevent the greater

7   harms which may not occur immediately and which may be preventable if proper research is

8   conducted and the health risks are diagnosed and treated before they occur or become worse.

9       91.    Without a court-approved medical monitoring program, Plaintiff and Class

10  Members might not receive prompt medical care which could detect and prolong their productive

11  lives, increase prospects for improvement and minimize disability.

12                          **DEMAND FOR JURY TRIAL**

13  1.    Plaintiff and the Class hereby demand trial by jury.

14                          **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as follows:

16  1.    For compensatory damages, including but not limited to damages, costs and expenses in

17         connection with any future medical testing, monitoring, or diagnosis of Plaintiff's and

18         Class Members related to their exposure to toxic substances, in an amount to be

19         ascertained at trial;

20  2.    For equitable relief including injunctive relief which includes abatement of Defendant's

21         conduct giving rise to the claims alleged herein, including sampling and monitoring of

22         shallow groundwaters, soil gas and indoor air, as well as medical monitoring of Plaintiff

23         and Class Members;

24  3.    For Defendant's wrongful use of the properties including by trespass, the greater of the

25         reasonable rental value of the properties or the benefits obtained by the Defendant

26         wrongfully occupying the properties by reason of the wrongful occupations;

27  4.    For economic damages due to emergency response and permitting costs according to

28         proof;

13

5.    For past and future damages related to environmental remediation and incidental costs according to proof;

6.    For diminution in property value according to proof;

7.    For damages related to harm to public health, obstruction of the free passage and use of property of public property, and/or the interference with the comfortable enjoyment of life or property according to proof;

8.    For pre- and post-judgment interest on all damages as allowed by the law;

9.    For attorneys' and expert/consultant fees under existing law;

10.    For punitive damages in an amount according to proof or taking some measure to ensure that an example is made of DEFENDANTS to deter similar future conduct;

11.    For injunctive relief;

12.    For costs of suit incurred herein; and

13.    13.  For such other and future relief as the Court may deem just and proper.

Dated: September 25, 2025           **POTTER HANDY LLP**

/s/ James M. Treglio

By: _____
Mark Potter, Esq.
James M. Treglio, Esq.
Isabel Rose Masanque, Esq.
Attorneys for Plaintiff

**CLASS COMPLAINT AND DEMAND FOR JURY TRIAL**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/03/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV29213 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Timothy Patrick Dillon | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on <u>10/07/2025</u>
　　(Date)

David W. Slayton, Executive Officer / Clerk of Court

By <u>J. Nunez</u>, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHEVRON CORPORATION a Delaware Corporation with its principal place of business in the State of California; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TATIANA COLEMAN, on behalf of herself and all others similarly situated

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/03/2025 9:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court,

Stanley Mosk Courthouse, 111 North Hill St., Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* 25STCV29213

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (415) 534-1911

DATE:
*(Fecha)* 10/03/2025

Clerk, by
*(Secretario)* David W. Slayton, Executive Officer/Clerk of Court
J. Nunez
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CHEVRON CORPORATION

under: ☒ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ other *(specify):*
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form